UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

    v.

JEAN CARLO MANTO,

              Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
18-CR-367 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On August 2, 2019, Jean Carlo Manto ("Defendant") pled guilty to Count One of a five-count Indictment. Count One charges Defendant with Transportation of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(1) and 2252(b)(1). The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to 240 months of incarceration, 5 years of supervised release with special conditions, and a $100.00 mandatory special assessment.

## BACKGROUND

On August 2, 2019, Jean Carlo Manto ("Defendant") pled guilty to Count One of a five-count Indictment pursuant to a plea agreement. Count One charges Defendant with Transportation of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(1) and 2252(b)(1). The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for

supportive of Defendant. *Id.* Defendant also shares a good relationship with his brother, who is aware of the instant offense and remains supportive. *Id.* ¶ 52.

During the presentence interview, Defendant advised that at age 5, he was sexually abused on a couple of occasions by an unknown adult male, who was a construction worker in Defendant's neighborhood in the Philippines. *Id.* ¶ 53. Specifically, the adult male touched Defendant's penis, and performed oral sex on Defendant. *Id.* The adult male also made Defendant touch his penis. *Id.* Defendant did not tell his family about the sexual abuse until after the instant arrest. *Id.*

In 2000, Defendant received his high school diploma from Xavier University High School in Cagayan de Oro City. *Id.* ¶ 69. In 2004, Defendant received his Bachelor of Arts degree from Xavier University in Cagayan. *Id.* ¶ 68. In 2008, Defendant received his Bachelor of Science in Nursing degree from Lourdes College in Cagayan de Oro City. *Id.* ¶ 67.

Defendant migrated to the United States in 2008. *Id.* ¶ 54. After arriving in the United States, Defendant resided in Queens, New York. *Id.* ICE records reflect that Defendant entered the United States on May 11, 2012, and that he is a naturalized United States citizen. *Id.*

In August 2009, Defendant received his Registered Professional Nurse license from The University of the State of New York, Education Department. *Id.* ¶ 66. Defendant is currently employed as a nurse for a dialysis center in a nursing home and at an outpatient dialysis clinic. *Id.* ¶¶ 71, 72. Defendant's employers are not aware of the instant offense. *Id.* Defendant's Registered Professional Nurse license was set to expire on January 31, 2021. *Id.* ¶ 66. Defendant will be required to notify New York State of his instant federal conviction upon license renewal. *Id.*

8. On March 23, 2018, after Defendant arrived at JFK, agents conducted a forensic preview of Defendant's two cellphones and observed that there were four video files containing child pornography. *Id.* ¶ 9. A forensic analysis of Defendant's cellphones revealed at least seven (7) images and at least six (6) videos of child pornography, which included an infant, a toddler, and prepubescent male victims engaged in sexually explicit activities. *Id.* ¶¶ 10–16. Additionally, remnants of video files whose titles are indicative of child pornography, which were accessed by the Defendant's cellphones, were recovered; however, the videos were not recovered. *Id.*

A review of the seven (7) images contained on Defendant's cellphones depicted five (5) images of two child victims. *Id.* The images were time stamped during Defendant's stay in the Philippines in March 2018. *Id.* Additionally, a review of chat logs on Defendant's cellphones revealed Defendant and both victims extensively talked about engaging in oral and anal sex. *Id.* The conversations indicated that Defendant had knowledge that at least one of the victims was a minor. *Id.* The chats also revealed Defendant gave one of the victim's money and a cellphone.

In March 2019, agents in Manila, Philippines, interviewed both victims, who confirmed that in March 2018, Defendant sexually abused them. *Id.* ¶ 17. The victims were ages 14 and 17 at the time of the sexual abuse. *Id.* According to one of the victims, Defendant invited both victims to his hotel room on two instances, during which he gave them alcohol. *Id.* ¶¶ 17–18. During these instances, Defendant directed both victims to fully undress and masturbate in his presence. *Id.* Defendant undressed himself too and masturbated in the victims' presence. *Id.* He then manually stimulated both victims' genitals until both victims ejaculated. *Id.* Defendant also took videos of the abuse. *Id.*

provisions of the Justice for Victims of Trafficking Act of 2015 pursuant to which the Court shall assess an amount of $5,000.00, per count, on any non-indigent person or entity convicted of an offense under 18 U.S.C. Chapters 77, 109A, 110, 117; or Section 274 of the Immigration and Nationality Act (8 U.S.C. § 1324). 18 U.S.C. § 3014.

## D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A).

The guideline for 18 U.S.C. § 2252(a)(1) offenses is USSG § 2G2.2. That section provides for a base offense level of 22. USSG § 2G2.2(a)(2). In *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2019), the Second Circuit found Guideline § 2G2.2 to be "fundamentally different," and that, "unless applied with great care, can lead to unreasonable sentences" that are inconsistent with the mandates of 18 U.S.C. § 3553. However, as described above, the underlying conduct in this case included the sexual exploitation of children for purposes of producing child pornography. Therefore, Defendant is differently situated than most child pornography defendants reviewed under the lens of *Dorvee* because he is also a producer of child pornography.

Defendant has no prior convictions or arrests. Therefore, his total criminal history score is zero, resulting in a criminal history category of I. Based upon a total offense level of 41 and a criminal history category of I, the Guidelines imprisonment range is 324 months to 405 months. However, the statutory maximum is 240 months of imprisonment. Probation recommends the statutory maximum of 240 months of imprisonment, followed by five years of supervised

7

## CONCLUSION

A sentence of 240 months of incarceration, 5 years of supervised release with special conditions, and a $100 mandatory special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and the addenda thereto, barring any errors contained therein, to the extent they are not inconsistent with this opinion. The Court imposes the special conditions of release proposed by the Probation Department

SO ORDERED,

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 10, 2022
Brooklyn, New York

9